E. N. MAULL, *Appellant,* v. J. P. CAMPBELL, *Appellee.*

Opinion Filed April 28, 1915.

1. Even though the allegations of a bill be somewhat elusive in setting up matters of fraud, the Chancellor may be justified in overruling a demurrer thereto in order to get the facts more fully developed.

2. A bill may state an equity by alleging a breach of an exclu-

sive right to sell certain machinery, or the commission of a fraud upon prospective buyers of the complaint by inducing them to think the defendant was selling that machinery.

Appeal from Circuit Court for Duval County; D. A Simmons, Judge.

Order affirmed.

*F. M. Durrance* and *Bisbee & Bedell,* for Appellant;

*Marks, Marks & Holt,* for Appellee.

COCKRELL, J.—This being an appeal from an order overruling a general demurrer to a bill of complaint, we need consider only if the bill states any cause for equitable relief.

It appears that in April, 1912, Maull was the owner of patents for the manufacture of fruit packing equipment and machinery; he then conveyed unto Campbell "the sole and exclusive right and license to use each and every any and all of the patents, patented inventions, unpatented inventions, ideas and processes in any wise pertaining to, touching upon and affectig the manufacture, sale or use of 'fruit packing equipment and machinery' of the party of the second part (Maull), during the term of five years," etc.

The eighth section of the contract reads: "That the said party of the second part shall not at any time during the life of this agreement or of any extensions or renewal thereof, use or otherwise operate any of the said patents, inventions, ideas or processes now existing and owned by the party of the second part or such as may be hereafter

acquired, or any future improvement thereof, or grant any license to any other person to use the same or any such improvement."

There were provisions in the contract for the employ- ment of Maull by Campbell on a sliding scale of salary, and Campbell engaged to use the name "Maull" in con- nection with the machinery.

The bill alleges that Campbell spent much money in advertising these machines and in working up an exclu- sive trade in them. At Maull's request and on the repre- sentation that he desired to go into fruit packing, a non- competitive business, which would help the business of Campbell, he was permitted to withdraw from Campbell's employ, and the employment clauses were cancelled. Instead, however, of continuing in that business, he began a competitive business of selling what he represented as being the only genuine up-to-date Maull machinery includ- ing all improvements.

We think the bill makes out a prima facie case for a court of equity. It shows either that Maull is violating his contract in selling on his own account what he had heretofore sold to the complainant, that is the exclusive rights in the then existing Maull machinery, with the improvements for a period of five years, or that he was committing a fraud upon the trade worked up by Camp- bell in inducing them to think that he was so doing.

The allegations of the bill are somewhat elusive, but upon the whole we think the Chancellor justified in retain- ing the cause for further elucidation upon the coming in of an answer and testimony.

Order affirmed.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.